Benjamin H. MUNSON, M.D., Appellant,

v.

William J. JANKLOW, Attorney General of South Dakota, his agents, successors, and those acting in concert with him, Appellees.

No. 76–2103.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1977.

Decided Oct. 21, 1977.

Roy Lucas, Washington, D. C., for appellant.

Brent A. Wilbur, Asst. Atty. Gen., Pierre, S. D., argued, William J. Janklow, Atty. Gen., on brief, for appellees.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and DEVITT, Chief District Judge.[*]

DEVITT, Chief District Judge.

For review here is the ruling of the United States District Judge for the District of South Dakota dismissing an action seeking to enjoin a state criminal prosecution against appellant.

Appellant, a Rapid City, South Dakota medical doctor, performed an elective abortion upon Ms. Linda Padfield on June 15, 1973. She died three days later. Appellee, the Attorney General of South Dakota, filed a preliminary information against plaintiff charging manslaughter in the second degree based on culpable negligence in performance of the procedure and in care of the patient.

Asserting jurisdiction under 28 U.S.C. § 1331 (1970) and 28 U.S.C. § 1343 (1970), appellant sought injunctive relief under 42 U.S.C. § 1983 (1970). He claimed the prosecution was brought in bad faith and interfered with various constitutional rights, specifically, his right to perform abortions, *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973); the corresponding rights of his patients and prospective patients to receive abortions, *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); his right to be free from bad faith criminal prosecutions, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); and his right to practice a legitimate profession free from unreasonable and arbitrary interference by the state, *New State Ice Co. v. Liebmann*, 285 U.S. 262, 52 S.Ct. 371, 76 L.Ed. 747 (1932).

The trial court, Honorable Andrew W. Bogue, dismissed the complaint because it failed to state a claim upon which relief could be granted. The memorandum opinion is reported at 421 F.Supp. 544 (D.S.D. 1976). This appeal followed. We affirm.

The authority of federal courts to enjoin pending state criminal prosecutions is limited. Since the beginning of our country's history, the Congress has, with few exceptions, manifested a desire to permit state courts to try state cases free from interference by the federal courts. *See Younger v. Harris, supra*, 401 U.S. at 43, 91 S.Ct. 746. This long standing policy against federal interference with state criminal

prosecutions requires, if an exception to its application be made, that the threat to applicant's federally protected rights cannot be eliminated by his defense against the criminal prosecution or that great and immediate injury will occur if the injunction is denied. *See Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 1218, 51 L.Ed.2d 376 (1977); *Younger v. Harris, supra*, 401 U.S. at 46, 91 S.Ct. 746.

■ Here, appellant has not satisfied either exception. First, all constitutional claims which are susceptible of redress may be asserted in rebuttal to the merits of the manslaughter charge or as an affirmative defense to the state prosecution. The right regarding bad faith prosecution can be asserted via a defense on the merits since if appellant is found guilty by the jury, it will be impossible to conclude that the prosecution was brought in bad faith—without a reasonable expectation of obtaining a valid conviction. The free practice of a profession claim can also be aired on the merits since a good faith, well-grounded prosecution under a valid criminal statute is not an unreasonable or arbitrary interference with a citizen's means of earning a living. Appellant's contention that the prosecution is selective—that no doctor in the history of South Dakota has been prosecuted under the manslaughter statute even though there may have been probable cause for such prosecutions—must be recognized by the state court since it emanates from the equal protection clause of the Fourteenth Amendment. *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

■ It is immaterial whether the abortion-related rights can be asserted in the state proceeding since the interference with them which appellant pleaded is insufficient to trigger a federal injunction. It must be remembered that appellant has been charged under the South Dakota manslaughter statute. The criminal information is grounded not on the object of the operation but upon the alleged manner of its performance. No doctor has the right to perform criminally negligent abortions nor does a woman have the right to receive one.

In cases involving prosecutions under clearly unconstitutional statutes prohibiting abortion, the Supreme Court has held that the state court must adjudicate the constitutional question and the federal court must stay its hand. *Roe v. Wade, supra*, 410 U.S. at 126–27, 93 S.Ct. 705. Appellant's sole claim in this regard is that the prosecution will deter him and other doctors from performing abortions while dissuading women from seeking them. This contention of indirect harm amounts to a claim that the prosecution "chills" the constitutional rights in issue. In this situation, a federal injunction is impermissible. *Younger v. Harris, supra*, 401 U.S. at 51, 91 S.Ct. 746.

■ Younger's exception for federal action where great and immediate irreparable harm is threatened encompasses three basic elements, one of which must be present before an injunction can issue. These elements are a prosecution brought with intent to harass the state defendant, a prosecution conducted in bad faith, or other exceptional circumstances. *Younger v. Harris, supra* at 53, 91 S.Ct. 746. This last element, although literally open-ended, has become limited in recent cases to the situation where the statute under which the prosecution is brought is flagrantly and patently unconstitutional on its face. *Juidice v. Vail, supra*, 97 S.Ct. at 1218 and *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Appellant does not contend, and it does not appear, that the South Dakota manslaughter statute is patently unconstitutional. Rather, appellant points to certain actions taken by appellee which when coupled with appellant's status as the only doctor presently performing abortions in South Dakota, allegedly demonstrate the harassment and bad faith necessary to trigger a federal injunction. Several of plaintiff's allegations merely state the general legal conclusions necessary for him to prevail on the merits. It is clear that such allegations can be ignored at both the trial and appellate level in examining the sufficiency of the complaint. *Hiland Dairy, Inc. v. Kroger*

Co., 402 F.2d 968 (8th Cir. 1968). The other, more specific allegations were examined at great length by the lower court. They have been thoroughly briefed and argued here. Suffice it to say that these allegations, taken as true, do not satisfy the heavy burden which *Younger v. Harris* places on a state criminal defendant seeking federal injunctive relief.

The concluding statements in Judge Lay's opinion for the court in *Bonner v. Circuit Court of City of St. Louis, Mo.,* 526 F.2d 1331, 1337 (8th Cir. 1975) are equally applicable here:

> In conclusion, this court cannot and will not indulge in the assumption that the circuit court of St. Louis and the appellate courts of Missouri are incapable of fairly adjudicating the federal issues placed before them. Intervention by this court at this point would violate established and sound principles of comity.

■ The South Dakota courts, bound as are we by the United States Constitution, are as capable as we of fairly deciding the constitutional questions presented and comity requires they be free to do so.

We affirm the judgment of the District Court.

HEANEY, Circuit Judge, concurring.

I concur in the result but emphasize that I do not understand this Court to be considering the merits of any of the defenses which may be raised by the appellant in the state court proceeding. At that time, the appellant will moreover have the opportunity to more fully particularize the allegations which we have held to be conclusionary in their present form.